NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTURO JIMENEZ-FLORES, | No.    17-73228 |
| Petitioner, | Agency No. A095-297-437 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2023**
Pasadena, California

Before:  CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Petitioner Arturo Jimenez-Flores seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA").  The BIA dismissed Petitioner's appeal of the Immigration Judge's ("IJ") order denying Petitioner's applications for asylum and withholding of removal under the Immigration and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nationality Act and protection pursuant to the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and we deny the petition.

We review factual findings for substantial evidence. *Id.* (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). "[T]o reverse such a finding, we must find that the evidence not only supports a contrary conclusion, but compels it." *Id.* (cleaned up). And where the BIA adopts the IJ's decision, we review the IJ's decision as if it were the decision of the BIA. *Deloso v. Ashcroft*, 393 F.3d 858, 863 (9th Cir. 2005).

1. The BIA affirmed the IJ's denial of Petitioner's asylum and withholding of removal claims because Jimenez-Flores did not establish past persecution or a well-founded fear of future persecution on account of a protected ground under 8 U.S.C. § 1101(a)(42)(A). We agree.

Jimenez-Flores claims that he suffered past persecution on account of his membership in the particular social group "Mexican males, who support the rule of law, refuse participation with the 'Cartel' criminal organizations and refuse to pay the criminal organizations money." Substantial evidence supports the IJ's determination that none of Jimenez-Flores allegations rise to the level of persecution. Jimenez-Flores claims that he was threatened and extorted by the Familia Michoacana cartel, and that while attempting to reenter the United States, he was hit

with a rifle and robbed by Mexican police officers. He also claims that he reported the incidents and fled Mexico but that his brother is now being harassed by the Zetas cartel.

These accusations do not compel a finding of persecution. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. I.N.S.*, 58 F.3d 1425, 1431 (9th Cir. 1995) (citation omitted). And, "some circumstances that cause petitioners physical discomfort or loss of liberty do not qualify as persecution, despite the fact that such conditions have caused the petitioners some harm." *Mihalev v. Ashcroft*, 388 F.3d 722, 729 (9th Cir. 2004). While the events Jimenez-Flores claims he experienced are unfortunate, they are not extreme as to rise to the level of persecution, and there is no evidence that he experienced them on account of any protected ground. *Compare Fon v. Garland*, 34 F.4th 810, 814 (9th Cir. 2022) (finding past persecution on account of a political opinion when petitioner suffered stabbings and repeated threats on his life from the Cameroonian military for providing medical treatment to separatist fighters), *with Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 (9th Cir. 2003) (single incident of physical violence "was not connected with any particular threat" and that there was "no evidence that the attackers knew who [the petitioner] was or that they showed any continuing interest in him.").

Nor does the record support a finding of future persecution. Jimenez-Flores contends that he will be persecuted because of his family relations and that he will be perceived as an American in a cartel-infested city. But Jimenez-Flores offers no evidence to support that contention. And he similarly provides no evidence that relocation within Mexico would be futile. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019); 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . [and] under all the circumstances it would be reasonable to expect the applicant to do so.").

2. Because Jimenez-Flores cannot compel the determination that he experienced persecution that renders him eligible for asylum, he also cannot establish eligibility for the higher standard of withholding of removal. *Wang*, 861 F.3d at 1009.

3. Jimenez-Flores also challenges the BIA's denial of his CAT claim. Protection under CAT requires a showing that an alien will (1) more likely than not be tortured if removed to the proposed country of removal and (2) "that the torture would be inflicted with government acquiescence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022); 8 C.F.R. §§ 208.16(c)(2), 208.18(a). There is no record evidence that Jimenez-Flores will be tortured upon removal and no evidence

4

suggesting that the Mexican government will consent or acquiesce to his torture. Jimenez-Flores is thus not eligible for CAT relief.

**PETITION DENIED.**